# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 12, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | |
| RONALD STURDEVANT, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-172V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

William Cochran, Jr., Black McLaren Jones Ryland & Griffee, PC, Memphis TN, for Petitioner.
Zoe Wade, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 6, 2017, Ronald Sturdevant ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleges that he suffered Bell's palsy as the result of an influenza ("flu") vaccination administered on November 3, 2015. Petition at Preamble (ECF No. 1). On July 19, 2022, the undersigned issued a ruling on entitlement, finding that Petitioner was entitled to compensation. Ruling on Entitlement dated July 19, 2022 (ECF No. 89). The parties were unable to resolve damages, and the undersigned issued a damages decision on February 12, 2024. Damages Decision dated Feb. 12, 2024 (ECF No. 120). On March 13, 2024, Respondent filed a motion for review, which was denied on May

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

5, 2024. Motion for Review, filed Mar. 13, 2024 (ECF No. 122); Opinion and Order dated May 3, 2024 (ECF No. 131).

On June 12, 2024, Petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Fees and Costs ("Pet. App."), filed June 12, 2024 (ECF No. 139). Petitioner requests compensation in the amount of $157,396.24, representing $141,747.70 in attorneys' fees, $15,553.82 in attorneys' costs, and $94.72 for Petitioner's personal litigation expenses. Id. at 1. Respondent did not file a response. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of $156,213.44.

I.     DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, the undersigned is satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent has not advanced any specific argument that the claim lacked good faith or reasonable basis. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

    A.     **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F.3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Michael G. McLaren, $464.00 per hour for work performed in 2019, $518.00 per hour for work performed in 2023, and $550.00 per hour for work performed in 2024; for Mr. William E. Cochran, Jr., $391.00 per hour for work performed in 2019, $405.00 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, $435.00 per hour for work performed in 2022, $450.00 per hour for work performed in 2023, and $478.00 per hour for work performed in 2024; and for Mr. Chris J. Webb, $351.00 per hour for work performed in 2020, $364.00 per hour for work performed in 2021, and $435.00 per hour for work performed in 2024. Petitioner also requests rates between $155.00 and $183.00 per hour for work of his counsel's paralegals performed between 2019 and 2024. The undersigned finds these rates consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be largely reasonable. However, the undersigned finds a small reduction necessary.

Petitioner's counsel's paralegals billed for e-filing documents 30 times, for a total of $1,182.80. It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18

3

Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). Some of these billing entries contained block billing, making it impossible to discern how much time was spent on noncompensable tasks. "It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)). Further, there are also six instances Mr. Cochran billed for overseeing the filing of documents. The undersigned find a reduction of $1,182.80 from attorneys' fees reasonable and appropriate.

### B. Attorneys' Costs

Petitioner requests a total of $15,553.82 in attorneys' costs. This amount is comprised of acquiring medical records, shipping costs, research and pacer fees, hearing costs, and for work performed by Petitioner's expert, Dr. M. Eric Gershwin. The undersigned has reviewed the requested costs and finds them to be largely reasonable and supported with appropriate documentation, and thus, will award them in full.

### C. Petitioner's Costs

Petitioner requests $94.72 for mileage costs for a meeting with Mr. Cochran. The undersigned will award this in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $141,747.70 |
| (Total Reduction from Billing Hours) | -$1,182.80 |
| **Total Attorneys' Fees Awarded** | **$140,564.90** |
| | |
| Attorneys' Costs Requested | $15,553.82 |
| (Reduction of Costs) | -$0.00 |
| **Total Attorneys' Costs Awarded** | **$15,553.82** |
| | |
| Petitioner's Costs Requested | $94.72 |
| **Petitioner's Costs Awarded** | **$94.72** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$156,118.72** |
| **Total Petitioner's Costs Awarded** | **$94.72** |

**Accordingly, the undersigned awards:**

**(1) A lump sum of $156,118.72 in attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Cochran.**

**(2) A lump sum of $94.72 in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[3]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.